*E-FILED - 5/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>    Petitioner,<br><br> vs.<br><br>WARDEN,<br><br>    Respondent. | No. C 08-1388 RMW (PR)<br><br>ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Docket No. 2) |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the conditions of his confinement at Salinas Valley State Prison in Soledad, California.

    The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of

1 confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d
2 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
3 confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
4 dismissal of habeas petition on basis that challenges to terms and conditions of
5 confinement must be brought in civil rights complaint).

6     Petitioner's claims do not challenge the duration or legality of his confinement or
7 sentence under § 2254. Instead, they challenge only the conditions of his confinement.
8 Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant
9 to 42 U.S.C. § 1983. Accordingly, the instant petition for writ of habeas corpus is
10 DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a
11 civil rights complaint pursuant to 42 U.S.C. §1983 on the enclosed form.

12     Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.
13 The clerk shall terminate all pending motions and close the file.

14     IT IS SO ORDERED.
15 DATED: 5/12/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge